# Clement Dale et al., Exrs. of Christian Dale, Sr., Deceased, Plffs. in Err., *v.* Horace G. Elder, to Use, etc.

Section 31 of the act of June 16, 1836, Purd. Dig. p. 109, relieves executors and other persons suing in a representative capacity from paying costs or giving recognizance before appeal, but not from making the affidavit required; and leave will not be granted to amend by filing such affidavit *nunc pro tunc* when the time allowed therefor by statute has expired.

(Argued April 16, 1888. Decided May 14, 1888.)

July Term, 1887, No. 169, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas of Centre County to review a judgment in favor of plaintiff in an action of assumpsit, April Term, 1887, No. 205. Affirmed.

The question presented appears from the following opinion and decree of the court below, by FURST, P. J.:

This case was referred to arbitrators who, on the 20th day of April, 1887, filed an award in favor of plaintiff for $548.16.

On the 30th of April defendants took an appeal from this award to the common pleas without paying costs, giving recognizance for future costs or making affidavit. The defendants claimed the right to take this appeal without making affidavit. The failure to make affidavit before taking the appeal was no fault of the officer.

The plaintiff has taken this rule to strike off the appeal for this error. Case was argued on the 20th of June. At the argument defendants ask leave to file the usual affidavit for an appeal *nunc pro tunc,* as of the proper date, which would not be later than the 10th of June (May), although the appeal is taken as of the 30th of April.

NOTE.—The appeal must be taken within twenty days. Deckman v. Herald Printing & Pub. Co. 5 Pa. Dist. R. 357, 17 Pa. Co. Ct. 507; Brinzer v. Anderson, 2 Lanc. L. Rev. 233; Upland v. New Chester Water Co. 4 Del. Co. Rep. 488. Such will not be permitted thereafter except in cases of fraud, accident, or mistake. Clark v. Wallace, 3 Penr. & W. 441; Broomall v. Root, 1 Chester Co. Rep. 471.

Has the court the power now to permit this to be done? Would it cure the defect?

The act of June 16, 1836 (Purdon's Digest, p. 109, pl. 33), provides how an appeal may be taken: "The party appellant, his agent or attorney, shall make oath or affirmation that it is not for the purpose of delay such appeal is entered, but because he firmly believes injustice has been done." He shall pay all the costs accrued and shall enter into recognizance for the payment of future costs. Section 31 of the act relieves executors, administrators, or other persons suing in a representative capacity, from paying costs or giving recognizance, but not from making the affidavit.

All this must be done within twenty days after the entry of the award of the arbitrators.

In M'Connel v. Morton, 11 Pa. 398, the supreme court held that for want of such affidavit the appeal of an administrator from an award of arbitrators will be dismissed. The same rule has been held in the case of a municipal corporation. Monaghan v. Philadelphia, 28 Pa. 207.

The word "firmly," required by the act, or its equivalent, is absolutely necessary to make the affidavit valid, and where this word was omitted in the affidavit, it was held to be a fatal defect which could not be cured by the substitution of a perfect affidavit after the time allowed for an appeal. Proper v. Luce, 3 Penr. & W. 65.

Had the mistake occurred through the act of the clerk, we might perhaps be able to correct the error, but unfortunately for defendants such was not the case. Clement Dale, Esq., a reputable attorney of this court, and one of the executors of the estate, on April 30, signed and filed a paper in which he claimed the absolute right to appeal without making affidavit, paying costs or giving security for costs. This paper declares that the defendants under these circumstances appeal from the award, etc. It is very clear that this does not constitute an appeal under the act of 1836.

We are asked to permit the amendment now to be made *nunc pro tunc.* There is nothing by which to amend, and under the case of Proper v. Luce, 3 Penr. & W. 65, which was a much harder case, the supreme court, GIBSON, Ch. J., declares that no such amendment can be made.

We are therefore reluctantly compelled to make the rule strik-

ing off the appeal absolute, and the same is accordingly done. Rule absolute.

The assignments of error specified, *inter alia,* the action of the court as above.

*D. S. Keller, Clement Dale,* and *A. A. Dale,* for plaintiffs in error.—Upon the principle that the constitutional right of trial by jury should not be lightly swept away, but jealously guarded, this court deliberately reversed its former practice of dismissing appeals for want of proper recognizances, in Means v. Trout, 16 Serg. & R. 349, and held that "if the recognizance given on appeal from the award of arbitrators or a justice of the peace be defective, the party should be called on by a rule to perfect his bail within a given period, or in default thereof, to have his appeal dismissed; the court ought not to quash the appeal in the first instance." See also The Burgess v. Jackson, 2 Penr. & W. 431; Bream v. Spangler, 1 Watts & S. 378; Adams v. Null, 5 Watts & S. 363; Weidner v. Matthews, 11 Pa. 336; Ihmsen v. Monongahela Nav. Co. 27 Pa. 267; Koenig v. Bauer, 57 Pa. 168; and Womelsdorf v. Heifner, 104 Pa. 1.

*John G. Love* and *E. R. Chambers,* for defendant in error.— The failure to make the affidavit as required by the act is fatal to the appeal. Thompson v. White, 4 Serg. & R. 135; Proper v. Luce, 3 Penr. & W. 65; M'Connel v. Morton, 11 Pa. 398; Wilson v. Kelly, 81 Pa. 411.

PER CURIAM:
The opinion of the learned judge of the court below so fully and clearly disposes of the question raised in this case that further discussion of it is unnecessary.

Judgment affirmed.